UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONALD J. STANLEY,

      Plaintiff,

v.                                           CAUSE NO. 3:20-CV-943-DRL-MGG

YANCY *et al.*,

      Defendants.

## OPINION & ORDER

Donald J. Stanley, a prisoner without a lawyer, filed this lawsuit alleging he was denied access to the court. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Stanley alleges that he has a case pending in state court and was unable to participate in a telephonic hearing in that case because prison officials refused to honor a pass permitting him to attend. Mr. Stanley filed a grievance, and the response indicates that Mr. Stanley was not released to his court call due to a misunderstanding. It further indicates that Captain Yancy has informed his staff that offenders are to be released for court calls when scheduled. Prison officials violate the Constitution only if they actually

deprive a prisoner of the opportunity to present or prosecute a specific non-frivolous claim. *Lewis v. Casey*, 518 U.S. 343, 353 (1996). "[A] delay becomes an injury only if it results in actual substantial prejudice to specific litigation." *Johnson v. Barczak*, 338 F.3d 771, 773 (2003) (quotation mark omitted).

Here, Mr. Stanley has not alleged that he was either prejudiced or prevented from presenting a non-frivolous claim, and he has alleged no facts that could support such a conclusion. He has alleged only that he missed a telephonic hearing in one of his cases through no fault of his own. This allegation does not state a claim.

While it seems unlikely that Mr. Stanley will be able to state a claim, given the facts presented in his complaint, he will nonetheless be granted an opportunity to amend his complaint if, after reviewing this court's order, he believes that he can plausibly state a claim. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If Mr. Stanley decides to file an amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the events that transpired, providing as much detail as possible.

SO ORDERED.

November 12, 2020        *s/ Damon R. Leichty*
                         Judge, United States District Court